UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OSCAR FABIAN RAMIREZ PEREZ,

                Petitioner,

v.                                                    Case No. 26-cv-0158-bhl

SHERIFF DALE J SCHMIDT, et al,

                Respondents.

## RULE 4 SCREENING ORDER

Oscar Fabian Ramirez Perez, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition. As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing §2254 Cases.

### BACKGROUND

According to the petition, Ramirez Perez is a Venezuelan national who has resided in the United States since March 10, 2023. (ECF No. 1 ¶1.) He entered after an appointment at the border via the (now defunct) U.S. Customs and Border Protection One Program, an appointment where immigrant officials paroled him into the United States. (*Id.*) Ramirez Perez timely filed an application for asylum, an application that remains pending, and received valid work authorization. (*Id.*) He is a civil engineer and the father of a two-year old U.S. citizen. (*Id.* ¶2.) On November 18 or 25, 2025, Ramirez Perez was arrested by ICE as he was starting his car to go to work. (*Id.* ¶¶1, 3.) He has been detained at the Dodge County Jail since his arrest. (*Id.* ¶¶4, 11, 14.)

Foreign countries may be designated for Temporary Protected Status for specified periods when certain conditions are met. *See* 8 U.S.C. §1254a(b). When a country is designated for Temporary Protected Status, foreign nationals of that country may apply for protection and, if

granted, may not be detained on the basis of the noncitizen's immigration status or removed while the country retains Temporary Protected Status. (ECF No. 1 ¶6 (citing §1254a(d)(4), (a)(1)(A)).) A noncitizen who applies for Temporary Protected Status and establishes a prima facie case of eligibility receives the same protections as a Temporary Protected Status holder until a final determination is made. (*Id.* ¶5 (citing §1254a(a)(4)(B)).)

On October 3, 2023,[1] DHS designated Venezuela for Temporary Protected Status, allowing Venezuelans to apply for Temporary Protected Status if they had continuously resided in the United States since July 31, 2023 and had been continuously physically present in the United States since October 3, 2023. (*Id.* ¶29); Extension and Redesignation of Venezuela for Temporary Protected Status, 88 Fed. Reg. 68130 (Oct. 3, 2023). On January 17, 2025, DHS extended Venezuela's Temporary Protected Status through October 2, 2026. (ECF No. 1 ¶¶31–32.)

On January 25, 2025, Ramirez Perez filed for Temporary Protected Status under 8 U.S.C. §1254a(a)(1). (*Id.* ¶5.) Ramirez Perez maintains that he has established a prima facie case for eligibility of Temporary Protected Status, thus protecting him from detention and removal. (*Id.* (citing §1254a(4)(B)).) But on February 3, 2025, DHS vacated the January 17, 2025 extension of Venezuela's 2023 Temporary Protected Status. (*Id.* ¶33.) On February 5, 2025, DHS terminated Venezuela's 2023 Temporary Protected Status designation. (*Id.* ¶34.) Ramirez maintains that both actions by DHS were unlawful.

On February 19, 2025, the National Temporary Protected Status Alliance and seven individual Venezuelan Temporary Protected Status holders sued the federal government in the Northern District of California, alleging that terminating Venezuela's 2023 Temporary Protected Status and vacating its extension violated the Administrative Procedure Act (APA) and the Fifth Amendment. (*Id.* ¶36.) Ramirez Perez is a member of the National Temporary Protected Status Alliance. (*Id.* ¶¶1, 7.) On September 5, 2025, the district court granted the plaintiffs' motion for summary judgment on their APA claims, setting aside the vacatur of the January 17, 2025 extension and the termination of Venezuela's 2023 Temporary Protected Status. (*Id.* ¶37.) The summary judgment motion did not seek declaratory judgment. (*Id.*) On October 3, 2025, the Supreme Court of the United States granted the defendant's motion for an emergency stay. (*Id.*) On December 10, 2025, the Northern District of California entered declaratory judgment, declaring

---

[1] Venezuela was also designated for Temporary Protected Status on March 9, 2021; however, that designation is not applicable to Ramirez Perez, who arrived in March 2023. (ECF No. 1 ¶¶29, 35 n.2.)

the vacatur and termination unlawful. (*Id.* ¶38.) The district court stayed its declaration for two weeks to permit an appeal or a stay. (*Id.*) Although the government appealed, it did not seek a stay, and the declaration went into effect on December 25, 2025. (*Id.*)

On November 20, 2025, Ramirez Perez received a status update on his Temporary Protected Status application, informing him that Temporary Protected Status for Venezuela was terminated. (*Id.* ¶23.) He maintains that, under the Northern District of California's December 10 order, he retains Temporary Protected Status, because the vacatur and termination of Venezuela's 2023 Temporary Protected Status designation violated the APA. (*Id.* ¶39.) Ramirez Perez further maintains that his detention violates the Due Process Clause of the Fifth Amendment. (*Id.*¶¶46–49.) Ramirez Perez seeks a Court order releasing him from ICE custody. (*Id.* ¶50.)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Ramierz Perez contends that his continued detention is unlawful considering the Northern District of California's declaration. (*Id.* ¶¶44–45.) He further maintains that his detention violates the Due Process Clause of the Fifth Amendment. (*Id.*¶¶46–49.) He seeks a writ of habeas corpus requiring that he be released. (*Id.* ¶50.)

Based on his petition, the Court cannot conclude that Ramirez Perez is plainly not entitled to relief. Under 28 U.S.C. §2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, the Court will order Respondents to respond to the petition within three days of service. For good cause, the Court may grant Respondents a *short* extension, if requested and properly supported.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Dale Schmidt, Dodge County Sheriff, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on February 3, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge